**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN MARVIN OLD CHIEF,<br><br>Defendant. | CR 16-48-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant John Marvin Old Chief (Old Chief) has been accused of violating the conditions of his supervised release. Old Chief admitted all of the alleged violations. Old Chief's supervised release should be revoked. Old Chief should be placed in custody for 12 months, with no supervised release to follow. This sentence should run concurrent with the sentence imposed in Cause CR 16-38-GF-BMM-JTJ.

## II. Status

Old Chief pleaded guilty to Conspiracy to Commit Arson of a Dwelling on September 27, 2016. (Doc. 42). The Court sentenced Old Chief to 52 months of custody, followed by 3 years of supervised release. (Doc. 51). Old Chief's current

term of supervised release began on January 7, 2022. (Doc. 92 at 1).

**Petition**

The United States Probation Office filed a Petition on February 10, 2022, requesting that the Court revoke Old Chief's supervised release. (Doc. 92). The Petition alleged that Old Chief had violated the conditions of his supervised release: 1) by failing to serve his 2-month term at a secure inpatient drug treatment facility; and 2) by failing to report to the probation office in Browning, Montana, as directed.

**Initial appearance**

Old Chief appeared before the undersigned for his initial appearance on March 29, 2022. Old Chief was represented by counsel. Old Chief stated that he had read the petition and that he understood the allegations. Old Chief waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a joint revocation hearing in this case and in Cause CR 16-38-GF-BMM-JTJ on March 29, 2022. Old Chief admitted that he had violated the conditions of his supervised release: 1) by failing to serve his 2-month term at a secure inpatient drug treatment facility; and 2) by failing to report to the

probation office in Browning, Montana, as directed. The violations are serious and warrants revocation of Old Chief 's supervised release.

Old Chief's violations are Grade C violations. Old Chief's criminal history category is I. Old Chief's underlying offense is a Class A felony. Old Chief could be incarcerated for up to 60 months. Old Chief could be ordered to remain on supervised release for up to 28 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III. Analysis

Old Chief's supervised release should be revoked. Old Chief should be incarcerated for 12 months, with no months of supervised release to follow. This sentence is sufficient but not greater than necessary. This sentence should run concurrent with the sentence imposed in Cause CR 16-38-GF-BMM-JTJ.

## IV. Conclusion

The Court informed Old Chief that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Old Chief of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Old Chief that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That John Marvin Old Chief violated the conditions of his supervised release: by failing to serve his 2-month term at a secure inpatient drug treatment facility; and by failing to report to the probation office in Browning, Montana, as directed.

The Court **RECOMMENDS:**

That the District Court revoke Old Chief's supervised release and commit Old Chief to the custody of the United States Bureau of Prisons for 12 months, with no supervised release to follow. This sentence should run concurrent with the sentence imposed in Cause CR 16-38-GF-BMM-JTJ.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 30th day of March, 2022.

John Johnston
United States Magistrate Judge